Good afternoon. My name is Anthony Russo and I represent the appellant in this case. I'm almost totally deaf, that's why I had that hearing device, but for some reason it's not working. So I've got my hearing aids in my pocket and I don't know whether or not that will do any good. In any event, let me just say this, I reviewed all the records and the briefs and I don't think there's anything at all that I can add to what I've already put in the briefs at this point. Mr. Russo? Mr. Russo, can you hear us? Can you hear us now? I can hear, yes. Okay. Your portable device there has some noise on it. Excuse me, let me turn it off. Okay, thank you. Is that better? Yes, it is. Thank you. Okay. What I was saying is that I have reviewed everything and there really is nothing that I would like to add at this point after going through all the records, so I'm going to waive my opening argument but reserve any rebuttal and I'm subject to any questions you might have regarding to the brief that I wrote. Thank you. Any questions? I might have a question. Not at this time. I'm sorry. I might have a question. Why are you taking the position that this is a de novo review? Are you taking the position that standard review in this case by us is de novo? Yes, I'm taking the position that all of the facts have been admitted in this case. The respondent admitted that both incidents were caused by work conditions. They admit that after the first incident the petitioner was released to go back to work by his doctor. He saw the doctor about a year or so after the incident. For the last time the doctor released him with certain restrictions and he did not see a doctor again until he injured himself the second time. All of that information and all of those facts have been admitted by the respondent. But what about if different inferences can be drawn from the evidence? Well, the issue, the particular issue in the case is, is the petitioner entitled to receive an award for the first incident, which was to the same part of the body as the injury in the second incident. And I don't think there are any inferences that are important. There are factual inferences that would change that position. It's a question of law as to whether or not after having an injury in the first, the same part of the body first, and then being released to go back to work with certain restrictions, not seeing a doctor for a period of a year until the second incident, doing all of his work that he should have done with the restrictions, wearing the brace on the leg that was injured after surgery was done. So I don't think there are any inferences from those facts that can be drawn that would change the issue in the case. The issue is whether or not the petitioner is entitled to an AED, an award for the first incident. And I cited the General Electric case where the General Electric case was a situation where the petitioner had carpal tunnel, a carpal tunnel injury ten years prior to the second carpal tunnel problem. That case was tried, and the petitioner received an award ten years prior to the second incident. In the second incident, the petitioner again suffered from carpal tunnel syndrome. A carpal tunnel surgery was performed. They found that the petitioner was then entitled to an AED1, an award. And the question then arose by the respondent, shouldn't the respondent be entitled to get credit for the injury in the first case, where the petitioner was awarded money in the first case? And the Supreme Court in the General Electric case said, number one, that was ten years ago, and whatever award, there was no evidence apparently introduced in that case to show what the award was. The Supreme Court said, you'd have to assume certain things, and we're not going to do that. But the Supreme Court went on to say, moreover, as in this particular case, and the case that's before the court today, they were claiming an award under Section 8E17, and the court in General Electric said there is no such provision in 8E17, and they would not be entitled to credit regardless, because it's an AED1 case. But we've got the very same situation here. Either the petitioner is entitled to an award under Section 8E, or he's not. And I don't think any inferences that you draw from any of this is going to change that fact. All right, thank you. Thank you, Counsel. Okay. Counsel? Mr. Justice, good afternoon. Richard Crusore, Assistant State's Attorney, on behalf of the appellee, the Workers' Compensation Commission in the County of Cook. Counsel, can you answer the threshold question as to whether or not our review is de novo or under the traditional manifest weight of evidence standard, which usually applies to a final review of workers' compensation? Yes, Mr. Justice. In this particular case, it's the manifest weight of the evidence. It is not de novo for these reasons. The standard that is resistant to egregious application of the law, that's not the case here. The Commission promptly filed the law under Section 8 of the Act with respect to Section 305, and regarding the specific finding and Section 8D1 regarding the application of a wage differential benefit, which is what this case called for. Let me give you an example. Counsel argues the General Electric case is applicable in this matter. We argue it is not for these very reasons. Number one, in General Electric, you had two accidents of the same body part, but the first accident was adjudicated before the second case. There was a specific finding in the first case. That's not the case here. Both these cases were tried at the same time. That's the first thing. Secondly, this particular incident, the standard by which we use to determine wages and conditions determined, number one, but for his accident, what would the petitioner have been able to earn at the time of trial? Number two, but for the accident, what is the condition at the time of trial? At the time of arbitration, the time of trial in this matter, the petitioner's condition had changed from the first accident in that, number one, the first accident which occurred in April of 1996 was never adjudicated. It was tried at the same time with the second accident. But when a petitioner has two claims that are tried at the same time, they're consolidated for hearing. But he's still entitled to separate consideration of each of those claims, isn't he? He is entitled to separate consideration, Mr. Justice, but here's the difference, though. Again, our standard is at the time of trial, which the commission properly found, what was his condition at the time of trial? And it was this. After the first accident, the petitioner returned to his previous duties and the same job with the same title. After the second accident, that wasn't the case. After the second accident, provisions were made, a medically appropriate position was made to put him in a position to accommodate his needs, number one. Number two, his job title was changed. And number three, as a result of the job title being changed, he earned less, so they paid him a wage differential. So the application of the law with respect to the wage differential was applicable regarding the second accident because at the time of trial, he was suffering an accident that resulted in his not being able to perform his usual customary line of employment. And number two, as a result of that, he had a diminution in earning capacity. So the commission was correct in applying the law, which was Section 8D1, as opposed to the specific finding under Section 8E of the Act. So you're saying he wouldn't be able to be compensated under 8E for that 96 accident? That's correct, because he was properly compensated at the time of trial regarding his condition. That is, he had a change of condition where he couldn't pursue his usual customary line of employment because his job title got changed because he couldn't do the job anymore. And number two, as a result of that change, he was paid less, so by law he was compensated by being paid the wage differential. So at the time of trial, the commission was correct in finding his condition at that time warranted a wage differential. So is it your argument that any time two separate claims involving the same body part are consolidated for hearing, a petitioner could never receive two separate permanent partial disability awards? What I'm saying, Mr. Justice, is this. Predicate upon the standard that's been established by the court in precedent has been followed by the commission. That is, what is the petitioner's condition at the time of trial with respect to his medical condition and what for the accident? What would the petitioner have been able to earn but for the accident at the time of trial? And that's what this court has always followed. That's what the commission has adhered to. Thank you, Counselor. Thank you. The court will take the matter under advisement for this rebuttal. Oh, do you have any rebuttal? Well, I just want to continue what I had said about the General Electric case. And in the very last paragraph of that particular case where, as I said, where they allowed both the award for 8E originally and 8D1 to stand, the defendant in that case, or the respondent, was trying to get credit for the original award. And the Supreme Court said, well, you have no evidence that was produced, so we can't speculate. But the court went on to say, moreover, Section 8017 does not provide for any credit for a situation where you're injured the same part of the body and subsequently get an 8D1 award. The very last paragraph specifically says that 8D1 is not subject to any prior award. So I think that's important. I think the act is a humane act, and the courts have said that over and over again, that if anybody is to pay for the injuries that are suffered by the employee, it should be the employer and not the general public. And this is a situation where he did have an injury. There's no question as to what the results of that injury were. He had reached maximum medical improvement at the time that he went back to work. The doctor said that he had a permanent injury, put him on restrictions, gave him a brace to wear on his leg, and he continued working until he re-injured himself a second time. And the second injury had nothing to do with the first injury. He injured himself because the city refused to follow the restrictions saying that he could not work on inclines. So what he did was injure himself when he slipped on the incline, and that had nothing to do with his prior injury. So, again, I ask the court to look at this as a question of the law, and I don't think that it would be fair. I think it would be unjust not to compensate him for the injury which he first had, which had nothing to do with the second injury. Thank you. Clerk will take the matter under advisement for disposition.